## SUPREME COURT PROCEEDINGS—Continued

### SYLLABI

No. 16756. Frank Bello v. City of Cleveland. Error to the Court of Appeals of Cuyahoga county.

MARSHALL, C. J.:

1. The liability of a municipality under Section 3714, General Code, can only be established by proof of notice or knowledge of a dangerous condition in a street, or other public place as therein enumerated, or of its existence for such length of time as to impute notice or knowledge, or by proof that the agents and officers of the municipality actively caused such condition.

2. Such notice or knowledge is not established by proof that an agent or officer of the municipality knew of certain acts of an abutting property owner, which had previously caused another nuisance in the same vicinity; nor under such circumstances is the municipality rendered liable.

3. Where a dangerous condition in one of the highways of a municipality has been caused solely by negligent acts of an abutting property owner, resulting in injury to a person lawfully traversing the highway, and such person first pursues the abutting owner on the ground of negligence, and in settling such claim covenants to abstain from bringing any further action against him by reason of such injuries, such covenant will preclude any action against or recovery from the municipality thereafter. (Zanesville v. Fannan, 53 Ohio St., 605, and Morris v. Woodburn, 57 Ohio St., 330, approved and followed.)

Judgment affirmed.

Hough, Robinson, Jones and Matthias, JJ., concur. Wanamaker, J., dissents. Clark, J., took no part in the consideration or decision of the case.

No. 17734. Martha Company ex Parte.

No. 17735. Irene Irvin ex Parte.

Habeas Corpus.

CLARK, J.:

1. The designation of the diseases named in Class B and Regulation Number 2, and Regulations Number 18, Number 23 and Number 24, of the Ohio Sanitary Code, adopted by the Public Health Council of the State Department of Health, effective July 1, 1920, in relation thereto, is a lawful exercise of the police power of the state.

2. Such regulations and the quarantine therein provided for are not in conflict with nor do they violate any provision of either the Federal or State Constitutions.

Judgment for respondent.

Marshall, C. J., Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.

No. 17524. Wm. B. Beebe, Judge of the Municipal Court of Cleveland, v. The State, ex rel. The Starr Piano Company. Error to the Court of Appeals of Cuyahoga county.

MATTHIAS, J.:

1. Statutes prescribing the method of the preparation and prosecutions of proceedings in error are remedial in character and should be liberally construed with a view to securing and safeguarding the right of a party to have an adverse judgment reviewed.

2. It is the duty of the trial judge to allow and sign a bill of exceptions when duly presented, if the same be correct; it is likewise his duty to correct errors therein, and upon refusal so to do a writ of mandamus may issue.

3. If the trial judge from memory or from memoranda in his possession cannot make such correction, it is his duty to refresh his memory from available information including that which may be obtained from the stenographer who has shorthand notes of the testimony and other proceedings of the trial, even though such stenographer was not an official reporter appointed by the court, but was employed therein by the party prevailing in the suit. Section 13410, General Code, has no application to such proceeding.

Judgment affirmed.

Marshall, C. J., Hough, Wanamaker, Robinson, Jones and Clark, JJ., concur.

No. 17252. The State, ex rel. Trumbull Steel Co. v. The Industrial Commission of Ohio et al. In Prohibition.

JONES, J.:

1. The application of an administrator to the probate court, under favor of Section 10772, General Code, for consent to make settlement for injuries resulting in the death of his decedent while in the course of employment, is not the institution of proceedings in the courts for damage, within the contemplation of Section 1465-76, General Code.

2. The obtaining of such consent by the administrator and the execution of a release of damage by the dependent do not constitute a waiver by the latter of her claim for compensation; nor do they preclude such dependent from thereafter making application therefor.

Writ denied.

Marshal, C. J., Hough, Wanamaker, Robinson and Matthias, JJ., concur.

Clark, J., took no part in the consideration or decision of the case.

No. 17516. The State, ex rel. George W. Sheppard, Prosecuting Attorney of Scioto County, v. Delmar Magnet et al. In Quo Warranto.

HOUGH, J.:

1. A member of a board of education of a township rural school district, residing in territory transferred therefrom in the creation of a new district, under the provisions of Section 4692, General Code, automatically becomes a non-resident of the old district, and ceases to be a member of such board of education at the time the transfer is complete.

2. A motion to fill vacancies, made by one and seconded by another, neither of whom are members, in a meeting of a board of education of a rural township school district, called for that purpose, recognized by the president and by him put to a vote and carried by the votes of the two non-members, can have no legal effect, and the action thus attempted is a nullity.

Judgment for relator.

Marshall, C. J., Wanamaker, Robinson, Matthias and Clark, JJ., concur.

No. 17269. The Akron & Barberton Belt R. R. Co., et al., v. The Public Utilities Commission of Ohio et al.

MARSHALL, C. J.:

1. The jurisdiction of the interstate commerce commision over freight rates for transportation service between points wholly within a state to prevent discrimination against interstate commerce, does not interfere with the jurisdiction of a state commission over intrastate rates so long as its orders do not result in such discrimination.

2. The order made by the interstate commerce commission on July 29, 1920, in a proceeding known as Ex Parte 74 granting a 40% horizontal increase in freight rates, was not such a definite specific order in its application to service wholly within the state of Ohio as to preclude an inquiry concerning intrastate rates by the public utilities commission of Ohio under the changed conditions existing in September, 1921.

Orders affirmed.

Johnson, Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.

## SUPREME COURT CALENDAR

### Tuesday, December 12

GENERAL DOCKET

17387. Rodney J. Sanborn v. Mamie Sanborn. Error. Lawrence county.

17432. Mamie L. Portion v. The Cleveland Company. Error. Cuyahoga county.

17748. In re complaint of The Albright Coal Company et al. Error to Fuel Administrator of Ohio.

### Wednesday, December 13

GENERAL DOCKET

17323. Irma P. Hopper v. Jennie M. Nicholas. Error. Lake county.

17450. The Detroit & Cleveland Navigation Co. v. Colby Hade. Error. Lucas county. (Also motion to dismiss.)

### Thursday, December 14

MOTION DOCKET

17718. Charles O. Jenkins v. Abbie S. Jenkins. Motion to dismiss petition in error.

17751. Carnegie Steel Company v. Yanko Zebich. Trumbull county. Motion to certify record.

17752. Christ Eugenides et al. v. The State of Ohio. Cuyahoga county. Motion for leave to file petition in error.

17753. Dr. J. C. Fox v. Vitantiono Federico. Cuyahoga county. To certify record.

17754. George William Wallace, etc., v. The Tillotson & Wolcott Company. Cuyahoga county. To certify record.

### Friday, December 15

MOTION DOCKET

17755. Gerald Lopez, an infant, v. The King Bridge Company. Cuyahoga county. To certify record.

17760. Susan Pope, as admr., v. A. A. Mudge et al. Cuyahoga county. To certify record.